UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NATHAN GUERRIERO, | ) | CASE NO. ED CV 15-1655-JFW (PJW) |
| Plaintiff, | ) ) ) | ORDER DISMISSING CASE WITH PREJUDICE |
| v. | ) ) | |
| THE PRESIDENT AND CEO OF CR&R INCORPORATED, et al., | ) ) ) | |
| Defendants. | ) ) | |

On October 25, 2016, Plaintiff Nathan Guerriero and Defendants County of Riverside, Riverside County Board of Supervisors, Kevin Jeffries, John Tavaglione, Chuck Washington, John Benoit, and Marion Ashley's (hereinafter the "Riverside Defendants") took part in a mediation before Steven C. Geeting, a volunteer panel mediator for the United States District Court for the Central District of California. The parties ultimately agreed to settle the case and Plaintiff signed a Settlement Agreement and Release.  (Doc. No. 38 at 8.)

On or about November 7, 2016, Defendants' counsel met with Plaintiff in order to have Plaintiff sign a stipulation for dismissal. (Doc. No. 38 at 2.)  Plaintiff refused, explaining to counsel that he would not agree to dismiss the lawsuit because the County was "out to

get him." (*Id.*) Thereafter, Defendants' counsel contacted the mediator for his assistance in obtaining Plaintiff's signature on the Stipulation for Dismissal. (*Id.* at 3.) The mediator informed Defendants' counsel that he, too, was unable to convince Plaintiff to sign the dismissal. (*Id.*)

On February 10, 2017, the magistrate judge held a telephonic hearing with Plaintiff and Defendants' counsel to discuss the dismissal form. Plaintiff told the magistrate judge that he would not dismiss the case because he believed that the mediator, Mr. Geeting, was working for the Defendants when he conducted the mediation. (Doc. No. 40.) In light of this allegation, the magistrate judge held an evidentiary hearing on February 16, 2017. (*Id.*) Mr. Geeting appeared and explained on the record to the magistrate judge and Plaintiff that he was an independent mediator and was not working on behalf of the City or County of Riverside or any of the individual Defendants when he conducted the mediation in this case. The magistrate judge accepted these representations. (Doc. No. 43.)

Based on this record, the Court finds that Plaintiff and Defendant entered into a binding settlement agreement and signed a written settlement agreement reflecting that agreement, which is enforceable. *See Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987); see also *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984); *Qzyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983); *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969). Consistent with that binding settlement agreement, the Court hereby orders the case dismissed with prejudice. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002) ("At a time where the resources of the federal judiciary, and this Circuit especially, are strained to the

breaking point, we cannot countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing the settlement when it suits her.")

IT IS SO ORDERED.

DATED: March 6, 2017

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Patrick J. Walsh
UNITED STATES MAGISTRATE JUDGE